PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-MC-00039-WBS-CKD |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT OF FORFEITURE** |
| APPROXIMATELY $138,531.79 IN ESCROW PROCEEDS OF 2306 NIGHTINGALE AVE., STOCKTON, CALIFORNIA, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 2, 2016, agents with the Federal Bureau of Investigation ("FBI") executed a Federal seizure warrant at Old Republic Title Company in Lodi, California and seized Approximately $138,531.79 in escrow proceeds from the sale of the real property located at 2306 Nightingale Avenue, Stockton, California ("defendant asset").

2. The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 8, 2016, the FBI received a claim from Janet Paniagua ("Paniagua") asserting an ownership interest in the defendant asset.

3. The United States represents that it could show at a forfeiture trial that the seizure in this case stems from an investigation and the execution of federal seizure warrant in connection with the drug

trafficking activities in the Stockton area. During the investigation, agents established probable cause to believe that a colleague of Paniagua's conducted financial transactions to purchase real properties to conceal the origin of the illegal narcotics trafficking proceeds. This colleague enlisted the aid of real estate professionals to use the proceeds from his drug trafficking to acquire real estate and use straw owners to hide his true ownership interest in the properties.

4. The United States represents that it could further show at a forfeiture trial that 2306 Nightingale Avenue in Stockton, California was purchased by Gloria Montes in October of 2009. Montes transferred title to Eufemia Torrencillas in November of 2009, and in August 2014, Torrencillas transferred title to Janet Paniagua. Although the property is in Paniagua's name, the taxes for the property are paid by a business owned by a separate person associated with the colleague mentioned in the preceding paragragh.

5. The United States represents that it could further show at a forfeiture trial that the defendant asset is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841, *et seq*.

6. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant asset.  Janet Paniagua hereby acknowledges that she is the sole owner of the defendant asset, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant asset, claimant shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which some of the defendant asset was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of the Consent Judgment of Forfeiture, $58,531.79 of the Approximately $138,531.79 in Escrow Proceeds of 2306 Nightingale Ave., Stockton, California, along with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $80,000.00 of the Approximately $138,531.79 in Escrow Proceeds of 2306 Nightingale Ave., Stockton, California, shall be returned to claimant Janet Paniagua through her attorney Mark Reichel.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant asset. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waives the provisions of California Civil Code § 1542.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant asset.

**IT IS SO ORDERED**.

**DATED**:  April 23, 2021

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE